TRANSPORT OF NEW JERSEY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DELAWARE RIVER PORT AUTHORITY, A BODY CORPORATE AND POLITIC CREATED BY COMPACT BETWEEN THE STATE OF NEW JERSEY AND THE COMMONWEALTH OF PENNSYLVANIA, DEFENDANT-RESPONDENT.

Argued November 22, 1971—Decided December 13, 1971.

*Mr. Richard Fryling* argued the cause for appellant (*Mr. Walter S. Cramer,* attorney).

*Mr. Raymond W. Uliase* argued the cause for respondent (*Mr. E. Stevenson Fluharty,* attorney; *Mr. Roland Morris, Messrs. Duane, Morris and Heckscher,* of the Pennsylvania bar, on the brief).

PER CURIAM. The defendant Authority raised the toll for buses from 50 cents to $1.00 on two interstate bridges between New Jersey and Pennsylvania. Later the Federal Highway Administrator found the increase to be unwarranted and called for a reduction to 75 cents. Plaintiff brought this suit to recover the difference with respect to tolls paid in the intervening period. Judgment was entered for defendant. The Appellate Division affirmed, *Public Service Coordinated Transport v. Delaware River Port Authority,* 114 *N. J. Super.* 334 (1971), and we granted plaintiff's petition for certification, 58 *N. J.* 595 (1971).

The Appellate Division concluded the Administrator did not determine the extent to which the 25-cent differential or any part of it "had crossed the line marking the extremes of the zone of reasonableness." With this we disagree. The Administrator's action must be deemed to be a finding that 75 cents is *the* reasonable charge and anything above it is unreasonable. The Appellate Division also held that a common law action for reparations was barred by the majority opinion in *T. I. M. E., Inc., v. United States,* 359 *U. S.* 464, 79 *S. Ct.* 904, 3 *L. Ed.* 2d 952 (1959). We think this is so, and for that reason we affirm the judgment. But since, if the subject were not thus controlled by the cited case, we would not be inclined to say that an action for reparations should not lie after an administrative finding that the rate was unreasonable, we cannot subscribe to so

much of the opinion of the Appellate Division as suggests
the result reached here is the just one.

For the reason given, the judgment is affirmed.

JACOBS, J., concurs in result.

*For affirmance*—Chief Justice WEINTRAUB and Justices
JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUN-
TAIN—7.

*For reversal*—None.